IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HETTY A. VIERA, as the           :        CIVIL ACTION
executrix of THE ESTATE OF       :        NO. 09-3574
FREDERICK A. VIERA, and HETTY    :
A. VIERA, individually,          :
                                 :
        Plaintiff,               :
                                 :
        v.                       :
                                 :
LIFE INSURANCE COMPANY OF        :
NORTH AMERICA,                   :
                                 :
             Defendant.          :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JUNE 25, 2013


I.      **INTRODUCTION**

        Plaintiff Hetty Viera ("Plaintiff") brought an action

pursuant to the Employee Retirement Income and Security Act,

seeking payment of benefits under an accidental death and

dismemberment policy ("AD & D Policy") arising from the death of

her husband, Frederick Viera ("Viera"). On October 14, 2008,

Viera was involved in a fatal motorcycle accident in Grand

Junction, Colorado. Defendant Life Insurance Company of America

("Defendant") denied benefits under the AD & D Policy.

        Following a bench trial, the Court granted judgment in

favor of Plaintiff and against Defendant in the amount of

$400,000. Plaintiff now seeks attorney's fees and costs in the amount of $212,111.98, together with pre- and post-judgment interest. For the reasons that follow, the Court will deny Plaintiff's motion.[1]

## II. BACKGROUND

On July 10, 2009, Plaintiff filed a complaint against Defendant, asserting counts for breach of contract ("Count I"), intentional infliction of emotional distress ("Count II"), and bad faith ("Count III"). Compl., ECF No. 1.

On August 5, 2009, Defendant filed a notice of removal from Philadelphia County to the United States District Court, on the basis of a federal question. Notice of Removal, ECF No. 1. Thereafter, Defendant moved to dismiss Counts II and III of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. to Dismiss, ECF No. 4.

On November 5, 2009, Defendant filed a motion for summary judgment. Def.'s Mot. for Summ. J., ECF No. 23. One month later, Plaintiff also filed a motion for summary judgment. Pl.'s Mot. for Summ. J., ECF No. 26.  On April 6, 2010, the

---

[1]     The Court will grant Plaintiff's motion for leave to file a reply and has considered the additional arguments contained therein. ECF No. 74.

Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment, reasoning that Defendant's denial of benefits—which was based, in part, on Defendant's competing medical expert's opinion—survived review under the deferential abuse of discretion standard. Viera v. Life Ins. Co. of N. Am., No. 09-3574, 2010 WL 1407312, at *4 (E.D. Pa. Apr. 6, 2010). At this time, the case was marked as closed. Order, Apr. 6, 2010, ECF No. 31; Judgment, Apr. 6, 2010, ECF No. 32.

On April 30, 2010, Plaintiff appealed the summary judgment order to the United States Court of Appeals for the Third Circuit. Pl.'s Notice of Appeal, ECF No. 33. On appeal, the Third Circuit held that the Court erroneously reviewed Defendant's decision under the abuse-of-discretion standard and remanded the case for the Court to review de novo whether Defendant properly denied benefits. Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 418 (3d Cir. 2011).

On remand, the Court held a bench trial and, under the new standard announced by the Third Circuit, found that Defendant had not properly denied benefits under the AD & D Policy and entered judgment in favor of Plaintiff and against

Defendant in the amount of $400,000. Judgment, Aug. 3, 2012, ECF No. 70.

Plaintiff now seeks recovery of her attorney's fees, costs, and pre- and post-judgment interest. Pls.' Mot. for Attorney's Fees, ECF No. 71. Defendant responded. Def.'s Resp. in Opp'n to Pl.'s Mot. for Attorney's Fees, ECF No. 73 (hereinafter "Def.'s Resp."). Plaintiff filed a reply brief. Pl.'s Mot. For Leave to File Reply, ECF No. 74 (hereinafter "Pl.'s Reply"). Plaintiff's motion for attorney's fees is now ripe for disposition.

## III. LEGAL STANDARD

The Employee Retirement Income and Security Act ("ERISA") § 502(g)(1) allows for a grant of attorney's fees in the Court's discretion under certain circumstances. The statute provides:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions.

> (1) In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1)(2006 & Supp. V 2011). Accordingly, a court, in its discretion, may award either party reasonable attorney's fees and costs, but the statute does not mandate such

an award to the prevailing party. Ursic v. Bethlehem Mines, 719
F.2d 670, 673 (3d Cir. 1983).

Courts assess the merits of a motion for attorney's
fees pursuant to a three-step process. See Hardt v. Reliance
Standard Life Ins. Co., 130 S. Ct. 2149, 2154 (2010). First, a
court determines whether the claimant has achieved "some degree
of success on the merits." Id. Second, a court determines
whether an award of attorney's fees is appropriate by examining
five specific factors, in this circuit known as the "Ursic
Factors." Id.; Ursic, 719 F.3d at 673. And third, if the Ursic
Factors suggest that awarding attorney's fees is appropriate,
then a court should "review the attorney's fees and costs
requested and limit them to a reasonable amount." See Hardt, 130
S. Ct. at 2155. In this case, given the result of the bench
trial awarding Plaintiff $400,000, there is no question that
Plaintiff has achieved success on the merits. The issue here
turns on the Ursic Factors analysis.

The Ursic Factors are as follows:(1) the degree of the
opposing party's culpability or bad faith; (2) the opposing
party's ability to satisfy an award of attorney's fees;
(3) whether an award of attorney's fees against the opposing
party would deter others under similar circumstances;

(4) whether the party requesting attorney's fees seeks to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the losing party's position. Ursic, 719 F.2d at 673.

The Ursic Factors are not a rigid test; rather, they provide a useful framework for courts to analyze a motion for attorney's fees. Fields v. Thompson Printing Co., 376 F.3d 259, 275 (3d Cir. 2004). Further, "no one of these factors is decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address" in applying § 1132(g)(1). Id.

IV. **ANALYSIS**

Plaintiff argues that she is entitled to attorney's fees and costs, as well as pre- and post-judgment interest. Specifically, Plaintiff demands an award of fees, arguing that the Ursic Factors favor granting her motion and the attorney's fees sought are reasonable. The Court will address each factor in turn.

The first Ursic factor favors awarding attorney's fees in cases involving either "bad faith" or culpability. McPherson v. Emp. Pension Plan of Am. Re-Ins. Co., 33 F.3d 253, 256 (3d

Cir. 1994). Bad faith "normally connotes an ulterior motive or sinister purpose." Id. However, a losing party may be culpable without having acted with an ulterior motive. Id. The McPherson Court defined the culpability standard as follows:

> Culpable conduct is commonly understood to mean conduct that is blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault . . . Such conduct normally involves something more than simple negligence . . . [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose.

Id. at 256–57 (internal quotation marks and citation omitted).

Here, Plaintiff argues that her husband, Frederick Viera, disclosed on his insurance policy application a coronary condition which was being controlled by medication. With this knowledge, Defendant accepted Viera's application and accepted his premium payments; yet, following his death, Defendant denied Plaintiff's claim because that same medication was considered a contributing factor in bringing about his death. Plaintiff argues that this fact alone shows Defendant's "culpability and/or bad faith," as Defendant would have sold Viera an "essentially worthless" policy. Pl.'s Reply 8.

Defendant argues, however, that the Court did not conclude or even suggest that it acted in bad faith by denying Plaintiff's claim. Def.'s Resp. 4. There was no indication of an

ulterior motive or sinister purpose. Moreover, Defendant argues that policies containing similar medical condition exclusion provisions have been upheld by other courts and have not been found to have constituted bad faith. See, e.g., Shiffler v. Equitable Life Assurance Soc'y of the U.S., 838 F.2d 78, 84 (3d Cir. 1988).

The Court finds that the insurance policy was not "essentially worthless," because simply having a preexisting medical condition does not necessarily exclude an individual from recovery under the policy. Instead, the material issue here is whether the pre-existing condition, and the medication taken to treat it, in fact contributed to Viera's death. This issue, which was litigated extensively—including testimony from two medical experts—was complex, warranting a full trial on the merits. Given the disputed issues of fact, there does not appear to have been any showing of bad faith by Defendant.

As to culpability, Defendant correctly states that culpable conduct requires "more than an error or negligence." Def.'s Resp. 7. Culpable conduct "implies that the act or conduct spoken of is reprehensible or wrong." McPherson, 33 F.3d at 256–57. During trial the Court determined that Defendant did indeed err by improperly denying Plaintiff's benefit claim.

However, denying claims is not reprehensible or wrong, especially where there is a long standing tradition of insurance companies rightfully denying similar claims. See, e.g., Rodia v. Metro. Life Ins. Co., 47 A.2d 152, 153 (Pa. 1946) ("Where it appears that the insured's death resulted from accidental injury acting in conjunction with a pre-existing and substantial physical infirmity, there can be no recovery."). At best, denying this specific claim was negligent; Defendant's conduct does not rise to the level of bad faith or culpability. Thus, this factor weighs against awarding Plaintiff attorney's fees.

The focus of the second factor is simply on a party's ability to satisfy an award of attorney's fees. Defendant does not contest its ability to pay, agreeing that it would be able to do so. Def.'s Resp. 5 n.3. Accordingly, this factor is not at issue in this case.

Factors three and four are often considered together. See, e.g., Kann v. Keystone Res., Inc., 575 F. Supp. 1084, 1096 (W.D. Pa. 1983). The third factor looks to the deterrent effect the award of attorney's fees would have on Defendant's conduct in later cases, and the fourth factor assesses whether the results of the case would vest future claimants with a benefit. Pointedly, the Hardt Court noted approvingly that "resolv[ing] a

significant legal question regarding ERISA itself" provides such a benefit. <u>Hardt</u>, 130 S. Ct. at 2154 n.1.

Here, factor three is neutral and factor four favors Plaintiff. It is true that Defendant's reliance on an outside expert, rather than on the statements of the trauma surgeon or the coroner, who—consistent with Plaintiff's expert—both testified that Mr. Viera's preexisting condition was not a contributing cause of his death, proved to be incorrect in this case and under these circumstances. But such conduct is not per se inconsistent with the plan and falls within the range of reasonable conduct that Defendant could have chosen to follow given the facts of this case. Therefore, awarding attorney's fees would not necessarily "deter" Defendant in that, under different circumstances, it may well be appropriate to rely on the testimony of an outside expert and not the testimony of the trauma surgeon or coroner. At best, because the circumstances were so fact specific, the third factor is neutral in this case.

The fourth factor favors awarding attorney's fees. The issue of the standard of review was previously unsettled in the Third Circuit and was squarely presented in this case. The clear pronouncement by the Third Circuit that "de novo review" is the proper standard, a more claimant-favorable standard than the

arbitrary and capricious standard, will greatly aid future claimants in pursuing payment under ERISA plans. Thus, the fourth factor weighs in favor of Plaintiff.

The last factor addresses the merits of the losing party's position relative to those of the prevailing party. The question is not whether, but how much, this factor weighs in favor of the prevailing party. Addis v. Ltd. Long-Term Disability Prog., No. 05-357, 2006 WL 2387087, at *3 (E.D. Pa. Aug. 3, 2006). Plaintiff argues that because the Court entered judgment in favor of Plaintiff, the fifth factor weighs in her favor. Pl.'s Reply 9. However, Defendant correctly argues that simply prevailing in the action is not enough to weigh this factor in favor of the Plaintiff. Def.'s Resp. 6-7 (citing Brown v Cont'l Cas. Co., No. 99-6124, 2005 WL 1949610, at *2 (E.D. Pa. Aug. 11, 2005)). Were it so, there would be no discretion in awarding attorney's fees and the prevailing party would be entitled to such fees in every case.

True enough, the Court ultimately found in favor of Plaintiff on remand, but the issue at trial was very close. And Defendant's position, although ultimately unsuccessful, had considerable merit. Accordingly, the last factor lends no further support to Plaintiff's motion; indeed, given the

relative merits, this factor weighs against awarding Plaintiff attorney's fees.[2]

Of the five Ursic Factors, factors one and five militate against an award, factors two and three are neutral or not relevant, and factor four weighs in favor of Plaintiff. The Court finds that factors one and four are the most relevant factors in this case. Under the abuse-of-discretion standard, Defendant's conduct was undertaken in good faith with considerable merits on its side. Only the pronouncement by the Third Circuit that the de novo standard of review was the law of the circuit, an issue which until that date was not free from doubt, tilted the case in favor of Plaintiff. The ERISA statute does not mandate the award of attorney's fees to a prevailing party; instead the Court must exercise discretion, guided by its consideration of the Ursic Factors. The Court, in the exercise of its discretion, concludes that this is not an appropriate case in which to award attorney's fees.

---

[2]    C.f. Glunt v. Life Ins. Co. of N. Am., No. 11-3105, 2012 WL 895512 (E.D. Pa. Mar. 16, 2012) (Schiller, J.) (awarding attorney's fees where Defendant ignored plaintiff's medical testimony without conducting its own evaluations and upon finding of bad faith).

## V.    CONCLUSION

For the reasons stated herein, the Court will deny Plaintiff's motion for attorney's fees. An appropriate order will follow.